392 A.2d 685

**COMMONWEALTH of Pennsylvania**

v.

**Michael MYERS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 22, 1978.

Decided Oct. 5, 1978.

John H. Chronister, Public Defender, for appellant.

John C. Uhler, Dist. Atty., Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Michael Myers pled guilty to murder generally. After a degree of guilt hearing on December 18, 1974, a two-judge panel of the Court of Common Pleas of York County was unable to agree on whether, under the Crimes Code, 18 Pa.C.S.A. § 2502 (Supp.1978), appellant had committed murder of the first or second degree. After the addition of a third judge, the panel held a new degree of guilt hearing on March 14, 1975. The three judge panel, one judge dissenting, found appellant guilty of murder of the first degree and sentenced him to death.

Appellant filed post-verdict motions, challenging sufficiency of the evidence, admissibility of a statement he gave while his counsel was not present, and the legality of the death sentence. He also moved for a hearing to present evidence of mitigating circumstances to reduce his penalty to life imprisonment. The court granted a hearing. After the hearing, held January 7, 1976, the three judge panel, again by a 2–1 vote, fixed appellant's penalty at death and permitted him to file additional post-verdict motions. Appellant filed such motions, but raised only the claims previously made. The court denied the motions and imposed sentence of death, one judge dissenting.

 In this appeal,* appellant first challenges the legality of his death sentence. The court sentenced appellant to

---

* We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202, 17 P.S. § 211.202 (Supp.1978).

death under 18 Pa.C.S.A. §§ 1102, 1311 (Supp.1978). In *Commonwealth v. Moody,* 476 Pa. 223, 382 A.2d 442 (1977), cert. denied, —— U.S. ——, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978), this Court held unconstitutional the death penalty provisions of this statute. No sentence of death may be imposed under an invalid death penalty statute. See *Commonwealth v. McKenna,* 476 Pa. 428, 383 A.2d 174 (1978). At the time of this prosecution, the only authorized penalty for murder of the first degree was life imprisonment. 18 Pa.C.S.A. § 1102. As we did in *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978), we vacate judgment of sentence of death and impose sentence of life imprisonment.

Appellant also asserts the court erred in admitting the challenged statement at his second degree of guilt hearing. We believe the statement was properly admitted.

 Generally, when a defendant enters a plea of guilty, he waives his right to challenge on appeal all nonjurisdictional defects except the legality of his sentence and the validity of his plea. E. g., *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Culbreath,* 439 Pa. 21, 264 A.2d 643 (1970); Pa.R.Crim.P. 1405(c) (errors in sentencing). After a plea of guilty to murder generally, however, the court must, under Pennsylvania Rule of Criminal Procedure 352 (formerly Pa.R.Crim.P. 319A), hold a degree of guilt hearing to determine whether the homicide was murder of the first, second or third degree, or voluntary manslaughter. A defendant, by a plea of guilty to murder generally, does not waive any errors in admission of evidence at the subsequent degree of guilt hearing. Appellant may therefore challenge on appeal the admission over objection of the statement.

 Appellant contends the statement is inadmissible because the police took it while he was incarcerated on the

Although appellant does not challenge on appeal sufficiency of the evidence to convict him, in all cases of first degree murder, we must examine the evidence for sufficiency. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964). Viewed in the light most favorable to the Commonwealth, the evidence is sufficient.

charge of murder, after the court of common pleas had appointed counsel for him. He cites *Commonwealth v. Hilliard,* 471 Pa. 318, 370 A.2d 322 (1977) (plurality opinion), for the proposition that a statement taken by police from a counselled defendant outside the presence of counsel may not be used against him at trial.

Here appellant, however, spontaneously volunteered the statement now challenged. The officer who took the statement originally approached appellant in order to discuss an unrelated matter. After the discussion, and with no questioning from the officer about the murder, appellant asked the officer to identify the informant in the murder case. After the officer responded, appellant made the challenged statement.

Courts have almost unanimously held admissible statements a defendant spontaneously volunteers even though the defendant's counsel is not present. For example, the Court of Appeals of New York, which has most broadly protected the right of defendants to the presence of counsel during interrogations, stated that absence ·of counsel "does not render inadmissible a defendant's spontaneously volunteered statement[s]." *People v. Hobson,* 39 N.Y.2d 479, 483, 384 N.Y.S. 419, 422, 348 N.E.2d 894, 897 (1974) (citing cases). Accord, e. g., *United States v. Monti,* 557 F.2d 899 (1st Cir. 1977); *Reinke v. United States,* 405 F.2d 228 (9th Cir. 1968); *State ex rel. Berger v. Superior Court,* 105 Ariz. 553, 468 P.2d 580, 581–82 (1970); *State v. Goodpaster,* 479 S.W.2d 449 (Mo.1972). Contra, *Hancock v. White,* 378 F.2d 479 (1st Cir. 1967).

The rule proposed by the plurality in *Commonwealth v. Hilliard,* supra, protects a counselled defendant from foregoing his right to counsel because of the pressures which may arise from official interrogation. See *People v. Hobson,* supra, 39 N.Y.2d at 484, 384 N.Y.S.2d at 422, 348 N.E.2d at 898. Where, however, as here, a suspect volunteers a statement without interrogation, there is no danger that police interrogation tactics might have pressured him to forego his right to have counsel present. *Commonwealth v. Yount,* 455

Pa. 303, 314 A.2d 242 (1974) (where appellant walked into police station and volunteered statement, there was no chance for police coercion and hence no need for *Miranda* warnings). This case is unlike *Commonwealth v. Simala,* 434 Pa. 219, 252 A.2d 575 (1969), in which we held a statement inadmissible because it had been preceded by official conduct designed to elicit a confession. We there held that such conduct was interrogation. Here, however, no such conduct took place. In these circumstances, the reason for the rule advanced in *Hilliard* does not apply, and no reason exists to hold appellant's statement inadmissible.

Judgment of sentence of death vacated and sentence of life imprisonment imposed.

NIX and MANDERINO, JJ., concur in the result.