394 A.2d 956

**COMMONWEALTH of Pennsylvania**

v.

**Reuben PEOPLES, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1978.

Decided Nov. 18, 1978.

H. David Rothman, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Robert A. Zunick, Asst. Dist. Attys., Pittsburgh, for appellee.

Before O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

On October 17, 1975, one of four men who were attempting to rob the employees of a liquor store in the City of Pittsburgh as they were transferring the store's receipts to the bank, shot and killed one of the store's employees. Appellant, Reuben Peoples, was subsequently convicted for his participation in the crime after a non-jury trial. He was sentenced to a term of imprisonment of ten to twenty years for murder of the third degree and a concurrent sentence of ten to twenty years for the robbery offense.[1] This is a direct appeal from the judgments of sentence. We now affirm.

Appellant contends that the record does not establish an intelligent waiver of the right to counsel and the right to remain silent. Although not expressly stated the arguments marshalled in support of this contention implicitly invite us to adopt the view that there can never be an intelligent waiver in the absence of counsel. This we decline to do. *Commonwealth v. Goodwin*, 460 Pa. 516, 520–521, 333 A.2d 892, 895 (1975).

---

1. At the conclusion of the trial, appellant was adjudged guilty of murder of the second degree. Thereafter, by order dated March 4, 1977, the court revoked its original verdict and made a finding of murder of the third degree. The modification of the original finding is not being challenged.

We have stated that the scope of review where the inquiry focuses upon a waiver of Fifth and Sixth Amendment rights is:

"The burden to prove a valid waiver by a preponderance of the evidence is upon the Commonwealth, *Commonwealth v. Fogan*, 449 Pa. 552, 296 A.2d 755 (1972), and our responsibility upon review is to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Bundy*, 458 Pa. 240, 328 A.2d 517 (1974); *Commonwealth v. Stafford*, 451 Pa. 95, 101, 301 A.2d 600 (1974); *Commonwealth v. Sharpe*, 449 Pa. 35, 44, 296 A.2d 519, 524 (1972). In making this determination, we are to consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Culombe v. Connecticut, supra* [367 U.S. 568] at 604 [81 S.Ct. 1860, 6 L.Ed.2d 1037]; *Commonwealth ex rel. Butler v. Rundle, supra*, 429 Pa. [141] at 149–150, 239 A.2d at [426] 430–431." *Commonwealth v. Goodwin, supra*, 460 Pa. at 522–23, 333 A.2d at 895.

The Commonwealth meets its burden where it is established that the decision to speak without counsel was the intelligent, unconstrained choice of the accused. *Culombe v. Connecticut*, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961). For the decision to be a knowing one it need be shown that the accused had been advised of and understood the panoply of rights possessed by one faced with custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

There was ample evidence to support a finding that appellant was fully advised of his rights and that he voluntarily and knowingly elected to respond to the custodial interrogation. As previously stated the objections that are now being raised, such as appellant did not *invite* the questioning, that the police did not fully explain the legal implications of the evidence they had against him, that the waiver was not in writing and signed by appellant would

render it virtually impossible to find an effective uncounselled waiver. These objections are motivated by appellant's underlying assumption that custodial interrogation, without counsel, is "the unintelligent thing to do." Starting with this premise he would argue that any uncounselled waiver would necessarily not be an intelligent or knowing one. Thus under this view where a suspect has consented to interrogation there was necessarily inadequate counselling as to his rights. The constitutional right against self-incrimination and the right to counsel have never been construed in this jurisdiction as prohibiting a knowing and voluntary, uncounselled confession. *Commonwealth v. Goodwin, supra; Commonwealth v. Purvis*, 458 Pa. 359, 326 A.2d 369 (1974); *Commonwealth v. Alston*, 456 Pa. 128, 317 A.2d 241 (1974); *Commonwealth v. Simms*, 455 Pa. 599, 317 A.2d 265 (1974); *Commonwealth v. Banks*, 454 Pa. 401, 311 A.2d 576 (1973); *Commonwealth v. Riggins*, 451 Pa. 519, 304 A.2d 473 (1973); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Davenport*, 449 Pa. 263, 295 A.2d 596 (1972); *Commonwealth v. Koch*, 446 Pa. 469, 288 A.2d 791 (1972); and *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968).

Judgments of sentence are affirmed.

EAGEN, C. J., did not participate in the consideration or decision of this case.

MANDERINO, J., concurs in the result.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice, concurring.

The majority fails to address one of the two issues before us on this appeal: whether when appellant informed the police that he was attempting to secure counsel, continued interrogation violated his rights under *Miranda*. Appellant surrendered to the police in the company of his sister and brother-in-law, Mr. and Mrs. McAllister. In appellant's presence and in the presence of police, the McAllisters attempted to contact counsel to represent appellant. Appellant was given his *Miranda* warnings in the McAllisters'

presence and was then escorted to an interrogation room. In response to police questioning, appellant acknowledged that he had been told that he had a right to an attorney and stated that his sister and brother-in-law were attempting to obtain counsel. This statement, without any indication that he was unwilling to be questioned in the absence of counsel, did not constitute a request that counsel be present during the interrogation. Further questioning, therefore, was not barred. Moreover, I agree with Mr. Justice Nix that an incriminating statement made in the absence of counsel is not per se unintelligent. Cf. *Commonwealth v. Myers*, 481 Pa. 217, 392 A.2d 685 (1978); *Commonwealth v. Hilliard*, 471 Pa. 318, 370 A.2d 322 (1977) (Opinion Announcing the Judgment of the Court). On this record, therefore, appellant's statement is admissible.