398 A.2d 941

COMMONWEALTH of Pennsylvania

v.

Steven AUSTIN, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 11, 1979.

Decided March 14, 1979.

Abram Frank Reynolds, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Paul S. Diamond, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Steven Austin, was convicted in the Court of Common Pleas of Philadelphia of murder of the first degree,

possession of an instrument of crime, possession of a concealed weapon, and possession of a prohibited offensive weapon. He was sentenced to imprisonment for life for the murder conviction and two-and-one-half-to-five-years for the possession of an instrument of crime conviction, the sentences to run consecutively. Sentences for possession of a concealed weapon and possession of a prohibited offensive weapon were suspended. Appellant appealed the judgment of sentence for murder to this court and the judgment of sentence for possession of an instrument of crime to the Superior Court, which certified that appeal to this court.

Appellant was charged in connection with the shooting of Charles Hudson of Philadelphia on July 4, 1975. The shooting resulted in Hudson's death two days later. Appellant was arrested on October 29, 1975, at which time he was sixteen years old. His mother went to the police station, conferred with him privately and advised him not to answer any questions without an attorney. A public defender arrived and he and the mother conferred with appellant. The public defender told appellant not to answer any questions. Later, in the absence of his mother and his attorney, appellant spontaneously told a police officer he wanted to tell him what happened. He received his *Miranda* warnings and waived his rights. He then gave a statement in which he admitted shooting the decedent. The statement was admitted at trial. Appellant now alleges that because of his age, he was entitled to the benefit of the requirement that a juvenile must be given an opportunity to consult with an interested adult before any confession can be admissible, *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), and that his confession was inadmissible under this rule. This claim was presented to a suppression court, which denied appellant relief.

Appellant's claim has been waived. For an issue to be preserved for appeal, it must be specifically raised in written post-verdict motions. *Commonwealth v. Blair*, 460

Pa. 31, 331 A.2d 213 (1975) and *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Appellant alleged in his motions that the statement should have been suppressed, but made no specific allegation of error. That was not sufficient. We held in *Commonwealth v. Jackson*, 464 Pa. 292, 346 A.2d 746 (1975), that an alleged reason why a confession is inadmissible must be raised in post-verdict motions. We made a similar ruling in *Commonwealth v. Carr*, 471 Pa. 86, 369 A.2d 1207 (1977), where the appellant was asserting the same rule on juvenile confessions that is being asserted here. Appellant here stated no reasons in his motion why the confession should have been suppressed. Therefore, we will not consider the question of its admissibility.

The judgments of sentence are affirmed.

ROBERTS, J., files a concurring opinion.

ROBERTS, Justice, concurring.

Like the majority, I would affirm the judgments of sentence in this case but would do so on an entirely different ground. Because I believe that appellant's post-trial motions meet the requirements of Pa.R.Crim.P. 1123(c) and *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), I would reach the merits of appellant's claim.

The record demonstrates that appellant, then sixteen years old, had ample opportunity to consult with his mother and an attorney while in custody but prior to making his statement. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975). Although appellant's mother and lawyer advised appellant to remain silent, after they left appellant, he rejected their advice and voluntarily offered to make a statement. Police gave appellant *Miranda* warnings and he confessed. Appellant's voluntary statement was properly admitted into evidence. See *Commonwealth v. Myers*, 481 Pa. 217, 392 A.2d 685 (1978); *Commonwealth v. Yount*, 455 Pa. 303, 314 A.2d 242 (1974).