402 A.2d 1005

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clarence SUTTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 20, 1979.

Decided July 5, 1979.

Nicholas Panarella, Jr., Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Neil Kitrosser, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from appellant's conviction by a jury of burglary and murder of the first degree. Appellant has raised the following issues:

(1) the prosecution in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), suppressed evidence as to intoxication, gunpowder traces, and ballistics identification by failing to preserve and make available to appellant this evidence which may have been helpful to his defense;

(2) trial counsel was ineffective in failing to move for the production and preservation of the evidence mentioned in (1);

(3) the prosecution did not meet its burden of proof because it failed to produce ballistic reports on two bullets removed from appellant; and

(4) evidence of appellant's intoxication nullified the specific intent necessary to support a conviction of murder of the first degree.

We have reviewed each of these issues and find them to be without merit.

Appellant also challenges the legality of his death sentence, the trial court having sentenced him to death under 18 Pa.C.S.A. § 1311. This Court has held unconstitu-

tional the death penalty provisions of this statute. *Commonwealth v. Moody,* 476 Pa. 223, 382 A.2d 442 (1977), *cert. denied,* 438 U.S. 914, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978). The prosecution concedes that *Moody* is applicable to this case and the death sentence should be vacated. Therefore, this Court will vacate appellant's sentence of death and impose a sentence of life imprisonment. *Commonwealth v. Myers,* 481 Pa. 217, 392 A.2d 685 (1978).

Accordingly, the judgment of sentence for burglary is affirmed and the judgment of sentence of death is vacated and a sentence of life imprisonment imposed.