474 A.2d 632

**COMMONWEALTH of Pennsylvania**

**v.**

**Russell Earl SAMUELS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1984.

Filed April 19, 1984.

Robert D. Bacher, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

JOHNSON, Judge:

Appellant was convicted of receiving stolen property [1] after a non-jury trial on January 5, 1982 and subsequently sentenced to six to twelve months imprisonment. This direct appeal followed.

The record indicates that police obtained a search warrant on April 28, 1981 to search appellant's residence for controlled substances. The warrant affidavit set forth that three police officers had observed what appeared to be a

1. 18 Pa.C.S. § 3925.

marijuana plant on the roof of appellant's residence on the previous day. The affiant officer had, later that previous day, proceeded to the residence, but observed that the plant was no longer there. The affidavit also set forth information received from a confidential informant prior to the observations that appellant was selling drugs from the residence. No facts relating to the informant's reliability or credibility were set forth.

Appellant's residence was searched on April 28, 1981 and four Pennsylvania vehicle inspection stickers were recovered from inside a calculator wallet located inside a closed drawer within the residence. The stickers were subsequently determined to have been stolen.

Appellant raises two issues: (1) was there probable cause for the issuance of the warrant, where the warrant failed to establish the informant's reliability and where the affiant's subsequent observation of the residence failed to reveal the previously observed plant and (2) was the seizure of the inspection stickers lawful, when based on a search warrant for controlled substances and the fact that the stickers were not known to be stolen at the time of their seizure.

 Initially, we note that this second issue has been waived. For an issue to be preserved for appeal, it must be specifically raised in written post-verdict motions. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). Appellant raised, by way of post-verdict motion, that the trial court erred in not sustaining his suppression motion.[2] The written suppression motion did not raise any aspect of the second issue as a ground for relief. Hence, the issue has not been properly preserved. *See Commonwealth v. Austin,* 484 Pa. 56, 398 A.2d 941 (1979); *Commonwealth v. Turner,* 284 Pa.Super. 395, 425 A.2d 1161 (1981).

 As to the first issue, it is well established that a search warrant affidavit must contain sufficient facts to

**2.** Other issues were raised in appellant's post-verdict motions, but none deal with the two issues raised on appeal.

permit the issuing judge to conclude with reasonable certainty that a crime has been committed and that evidence or fruits thereof may be found on the premises to be searched. *Commonwealth v. Crawford,* 320 Pa.Super. 95, 466 A.2d 1079 (1983). It is only the probability and not a prima facie showing that is required. *Commonwealth v. Ryan,* 300 Pa.Super. 156, 446 A.2d 277 (1982). The affidavit is to be tested by this court in a commonsense and realistic manner and not subjected to overly technical interpretations, according the issuing authority's determination of probable cause great deference on review. *Commonwealth v. Prokopchak,* 279 Pa.Super. 284, 420 A.2d 1335 (1980).

Appellant argues that the affidavit lacked any support for the informant's reliability. We agree. However, viewing the affidavit as a whole, the information provided by the three police officers who personally observed the marijuana plant on the roof was sufficient. Where such an informant's report does not establish probable cause for a search, but is corroborated by independent observation, the issuance of the search warrant becomes constitutionally justified. *Commonwealth v. Miley,* 314 Pa.Super. 88, 460 A.2d 778 (1983). *See also Commonwealth v. Chamberlain,* 277 Pa.Super. 503, 419 A.2d 1261 (1980) (observation of tub on roof of residence containing marijuana plants furnished sufficient probable cause to issue search warrant, where private citizen informed police of plants and police officer personally observed plants). Hence, the informant's reliability and credibility was irrelevant, once the officers obtained personal knowledge of the incriminating plant.

As to the question of staleness, we again find no merit. A determination as to staleness of information for a search must be made on a case-by-case basis. *Commonwealth v. Ryan, supra.*

It is axiomatic that stale information cannot supply probable cause necessary to support the issuance of a search warrant. *Commonwealth v. Albert,* 264 Pa.Super. 390, 399 A.2d 1106 (1979). However, in the instant case, the

information supporting the probable cause for the warrant was obtained the day before the warrant was issued and clearly was not stale. We also find no merit to appellant's allegation that the affiant officer's failure to personally observe the plant on the day prior to the warrant's issuance renders the information stale. It was proper for the issuing authority to conclude that the plant was probably located inside the residence.

Judgment of sentence affirmed.