**Commonwealth v. Berry**

*Chad Martinez, assistant district attorney* for Commonwealth.

*James A. Swetz,* for defendant.

WORTHINGTON, *J.,* March 10, 2006—Kevin M. Berry (defendant) was arrested on October 7, 2005 and charged with one count of terroristic threats, a misdemeanor of the first degree, in violation of 18 Pa.C.S. §2706(A)(1), one count of simple assault, a misdemeanor of the second degree, in violation of 18 Pa.C.S. §2701(A)(3), and one count of recklessly endangering another person, a misdemeanor of the second degree, in violation of 18 Pa.C.S. §2705. The foregoing counts were included in the Criminal Information filed by the Commonwealth on December 19, 2005.

On January 17, 2006, defendant filed a timely omnibus pretrial motion, which was in the nature of a motion to suppress any evidence seized under the Commonwealth's search warrant based on the following allegations: (1) that the affidavit of probable cause lacks probable cause to support the search and seizure; (2) that the search warrant is overbroad and fails to particularly describe the handgun; and (3) that the search warrant does not satisfy the staleness doctrine. A hearing was held on January 24, 2006. Defendant filed a brief in support of his omnibus motion on January 25, 2006; the Commonwealth filed a brief in opposition thereto on February 3, 2006. Defendant's omnibus pretrial motion to suppress is now before us for disposition.

On October 7, 2005, Officer Sara Schramer of the Stroud Area Regional Police Department was sum-

moned to Main Street in the Borough of Stroudsburg in response to Sharon Mellen's report that she had been involved in an altercation with defendant. Officer Schramer conducted an investigation, which included an interview with the victim, Ms. Mellen, and determined that an argument between defendant and Ms. Mellen occurred in defendant's residence, located at 572 Main Street, 3rd Floor, during which time defendant threatened Ms. Mellen with bodily harm while pointing what Ms. Mellen described as a black semi-automatic handgun at her. According to statements made by the victim to Officer Schramer, defendant told the victim to leave or he would shoot her. Officer Schramer checked with the Monroe County Control Center and verified that defendant had firearms registered to him, one of which was a type that was consistent with the type of handgun described by Ms. Mellen.

Detective Richard Wolbert of the Stroud Area Regional Police Department made an application for search warrant on October 8, 2005. In the section of the search warrant in which the detective was to "identify items to be searched for and seized," Detective Wolbert specified: "handgun, described as black in color semi-automatic type and any marijuana."[1] The description of the premises to be searched was identified as defendant's Main Street apartment. This warrant was based on an affidavit of probable cause that reads as follows:

"Your affiant is a detective with the Stroud Area Regional Police Department. Your affiant was con-

---

1. The words "handgun, described as black in color semi-automatic type" were typewritten. The words "and any marijuana" were handwritten immediately after the typewritten words.

tacted [sic] reference to an incident that had occurred at 572 Main St., Stroudsburg Borough regarding a firearm and it's [sic] use in the aforementioned crimes of terroristic threats, reckless endangerment and simple assault. An investigation into this incident was conducted and charges were prepared against [defendant] relating to the use of the firearm in those charges, in that he pointed the firearm at Sharon Mellen and did threaten to shoot her.

"The firearm was used at [defendant's] apt., at 572 Main St. The victim observed and described the firearm used, which was last seen on a table in the residence. The fact that [defendant] owns such a firearm was verified though the Monroe County Control Center. Police have been observing the apartments [sic] exterior and there is no indication that the firearm could have been removed from the apartment.

"The seizure of the firearm is necessary to successfully prosecute the charges against [defendant].

"A female occupant advised there was marijuana in the apartment."[2] Affidavit of probable cause.

A search of defendant's apartment was conducted and the following items were seized: a "Springfield Armory Ultra Compact CAL 45" and a "small greenish bag containing suspected marijuana + 2 joint butts." Receipt/inventory of seized property.

In his motion to suppress any evidence seized under the Commonwealth's search warrant, defendant's chal-

---

2. The first three paragraphs were typewritten The fourth paragraph, *i.e.,* "A female occupant advised there was marijuana in the apartment," was handwritten.

lenge to the search and subsequent seizure is couched in three discrete arguments. Defendant alleges that the search warrant in question: (1) is based upon an affidavit of probable cause that lacks probable cause; (2) is a general exploratory warrant and, thus, overbroad; and (3) is stale. Defendant therefore asks that we suppress any and all evidence seized from his apartment pursuant to the search warrant executed by the Commonwealth.

We note at the outset that in a suppression hearing, the Commonwealth has the burden of going forward with the evidence and establishing that the challenged evidence was not obtained in violation of a defendant's rights. Pa.R.Crim.P. 323(h). It is thus the Commonwealth's burden in this instance to prove that the warrant upon which the search of defendant's apartment was conducted was lawful.

Both the United States and the Pennsylvania Constitutions protect individuals from unreasonable searches and seizures. See U.S. Constituional Amendment IV. The Pennsylvania Supreme Court has held that Article I, Section 8 of the Pennsylvania Constitution confers greater personal privacy protection to the citizens of the Commonwealth under certain circumstances. See *Commonwealth v. Cleckley,* 558 Pa. 517, 527, 738 A.2d 427, 431 (1999); see also, *Commonwealth v. Reid,* 571 Pa. 1, 811 A.2d 530 (2002); *Commonwealth v. Acosta,* 815 A.2d 1078 (Pa. Super. 2003). Article I, Section 8 of the Pennsylvania Constitution provides that:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize

any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." Pennsylvania Constitution Article I, Section 8.

Additionally, Pa.R.Crim.P. 2003(a) and (b) provide that:

"(a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

"(b) At any hearing on a motion for the return or suppression of the evidence, or for suppression of the fruits of evidence obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a)." Pa.R.Crim.P. 2003(a) and (b).

Thus, a search or seizure is not reasonable unless it is conducted pursuant to a search warrant issued by a magistrate upon a showing of probable cause. See *Commonwealth v. Edwards*, 735 A.2d 723 (Pa. Super. 1999).

Defendant initially argues that the affidavit of probable cause lacks the requisite probable cause because it fails to identify the sources of information, the time the information was received and by whom the information was received. Defendant argues that although the affidavit alleges that the victim observed a gun and described said gun to the police, the affidavit does not specifically name the victim, does not describe the

handgun seen, nor does it describe the handgun owned by defendant that was verified through the control center.

Additionally, defendant argues that the affidavit of probable cause contains insufficient probable cause to support the inference that marijuana could be found in the apartment. The affidavit does not allege the victim as the source of the information; rather, it simply refers to the informant as "a female occupant." Defendant argues that the affidavit had to include information detailing the identity of the occupant of the apartment, when the contraband was allegedly viewed by the occupant, how the occupant knew that the suspect material actually was marijuana, and whether the occupant was a reliable informant. Defendant therefore argues that the warrant was issued upon hearsay, and there is nothing in the warrant to demonstrate the reliability of the informant. Based on the foregoing contentions, defendant argues that the affidavit of probable cause does not contain sufficient probable cause to support the issuance of a valid search warrant and, thus, the evidence seized during the execution of the search warrant must be suppressed.

Secondly, defendant argues that the search warrant issued is a general, exploratory warrant. He argues that the warrant is overbroad because it fails to articulate the description of the gun as given by the victim and fails to describe the firearms that the control center alleged were registered to defendant. Defendant contends that the affidavit does not satisfy the Pennsylvania constitutional requirement that the gun be described as particularly as is reasonably possible. Defendant claims

that to sufficiently satisfy this standard and guard against a wholesale seizure of any and all firearms owned by defendant, relevant or otherwise, the police had to include the description that was given to them by the victim. Defendant claims that, in this instance, the victim gave a reasonable description of the gun, but the police chose not to include it in the affidavit. Defendant therefore claims that the search warrant violates the specificity requirements for a warrant under both the United States and Pennsylvania Constitutions. More specifically, defendant argues that it is a general, exploratory warrant of the type that the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution were designed to prevent. Based on these contentions, defendant argues that the seizure of the gun pursuant to the warrant violated his rights under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution.

Finally, defendant makes a staleness argument. Defendant contends that the search warrant fails to satisfy the staleness doctrine because there is no information upon which a detached magistrate could find a reasonable likelihood that evidence of a crime or contraband were in defendant's apartment. Defendant therefore asks that we suppress any and all evidence seized from his apartment pursuant to the search warrant executed by the Commonwealth.

The Commonwealth argues that the search warrant sets forth sufficient probable cause, the applicable time frame, and particularly describes the weapon at issue. However, with respect to the marijuana, the attorney

for the Commonwealth claims in his brief that "the issue is moot because the defendant has not been and will not be charged with any violations of title 35—The Drug, Device, Cosmetic Act." See Commonwealth's brief, p. 3.

We will address the marijuana first. With respect to the marijuana, defendant's motion to suppress is granted. Search warrants must issue where sufficient, concrete, reliable information exists to establish the requisite probable cause of illegal activity. Here, we find that probable cause does not exist. The affidavit of probable cause fails to specifically identify the source of the information; it states only that "a female occupant advised there was marijuana in the apartment." Affidavit of probable cause. "A tip from an unnamed informant can properly form the basis for probable cause to issue a search warrant, provided there is adequate evidence of the informant's reliability." *Commonwealth v. Gindlesperger,* 706 A.2d 1216, 1225 (Pa. Super. 1997), citing *Commonwealth v. Lemanski,* 365 Pa. Super. 332, 353, 529 A.2d 1085, 1095 (1987). The reliability of the informant's information "must be determined from the fact supplied by the police official." *Id.*

In this instance, there is no adequate evidence of the informant's reliability. In addition, there is insufficient information to determine when the informant allegedly saw the marijuana or how she knew it was marijuana. Without a determination regarding the reliability of the informant or the veracity of the information she provided, we find that the affidavit of probable cause upon which the search warrant was based contained insufficient facts to provide a reasonable and logical basis

to believe that marijuana would be found in defendant's residence at the time of application for the execution of a search warrant. The affidavit of probable cause lacked the requisite probable cause to support the issuance of a valid search warrant in this respect. Accordingly, the portion of the warrant issued in this matter, which allowed police to search defendant's apartment and seize "any marijuana," is invalid and any marijuana evidence that was seized is subject to suppression.

With respect to the search for, and seizure of, the handgun, defendant argues that there was no probable cause for the police to conduct such a search. "The law does not require that the information in a warrant affidavit establish with absolute certainty that the object of the search will be found at the stated location . . . ." *Commonwealth v. Fisher,* 316 Pa. Super. 311, 318, 462 A.2d 1366, 1369 (1983). Rather, it is only probability that a crime has been committed and that evidence or fruits thereof may be found on premises to be searched, and not a prima facie showing, that is required of a search warrant affidavit in order to permit issuance of search warrant. *Commonwealth v. Samuels,* 326 Pa. Super. 561, 474 A.2d 632 (1984). Thus, "[t]he existence of probable cause is determined by a consideration of all circumstances, including the reliability of the proffered information and the probability that the evidence sought will be found in the place to be searched." *Commonwealth v. Alewine,* 384 Pa. Super. 283, 286-87, 558 A.2d 542, 543 (1989), citing *Commonwealth v. Weidenmoyer,* 518 Pa. Super. 2, 7-9, 539 A.2d 1291, 1294 (1988). We are to first evaluate the affidavit in a "com-

monsense and realistic manner" and not subject it to "overly technical interpretations," and then accord the issuing authority's determination of probable cause great deference on review. *Commonwealth v. Samuels,* 326 Pa. Super. 561, 565, 474 A.2d 632, 634 (1984), citing *Commonwealth v. Prokopchak,* 279 Pa. Super. 284, 420 A.2d 1335 (1980).

We begin by noting that the affidavit of probable cause identifies the source of the information as the victim in this case. Generally, a tip from an informant "can properly form the basis for probable cause to issue a search warrant, provided there is adequate evidence of the informant's reliability." *Commonwealth v. Gindlesperger,* 706 A.2d 1216, 1225 (Pa. Super. 1997), citing *Commonwealth v. Lemanski,* 365 Pa. Super. 332, 353, 529 A.2d 1085, 1095 (1987). The reliability of the informant's information "must be determined from the fact supplied by the police official." *Id.* However, "[u]nder normal circumstances, the statement of a victim of a crime would be sufficient to create the probable cause necessary for the issuance of a search warrant." *Commonwealth v. Mamon,* 449 Pa. 249, 258, 297 A.2d 471, 476 (1972), citing *Brown v. United States,* 125 U.S.App.D.C. 43, 365 F.2d 976, 979 (1966). Thus, in determining whether probable cause exists, our courts "have tended to credit information supplied by [a person] who has some direct personal knowledge of the crime." *Commonwealth v. Patterson,* 266 Pa. Super. 167, 173, 403 A.2d 596, 599 (1979). We find that in the instant matter the victim's statement to the police regarding the handgun she saw defendant use created sufficient probable cause to sustain a search of defen-

dant's apartment for the handgun. Consequently, the affidavit of probable cause contained sufficient facts to permit the issuing magistrate to conclude with reasonable certainty that a crime had been committed and that evidence or fruits thereof may be found on the premises to be searched.

Defendant further argues that the search warrant violates particularity requirements. Generally speaking, a warrant is unconstitutional for its lack of particularity when it "authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize." *Commonwealth v. Bagley,* 408 Pa. Super. 188, 195, 596 A.2d 811, 814 (1991). The language of the Pennsylvania Constitution requires that a warrant describe the items to be seized "as nearly as may be," which has been held to be a more stringent standard than that of the Fourth Amendment, "which merely requires particularity in the description." *Id.,* 408 Pa. Super. at 196, 596 A.2d at 814. Thus, our courts have held that the clear meaning of the Pennsylvania Constitution is that the warrant must describe the items as particularly as is reasonably possible. *Id.,* citing *Commonwealth v. Reese,* 520 Pa. 29, 32, 549 A.2d 909, 910 (1988) (Pennsylvania particularity requirement more stringent than that of the Fourth Amendment because Pennsylvania particularity requirement precedes probable cause requirement). Similarly, defendant argues that the warrant is overbroad. A warrant is unconstitutional for its overbreadth when it "authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to

the crime under investigation." *Commonwealth v. Bagley,* 408 Pa. Super. 189, 195, 596 A.2d 811, 814.

The warrant issued in this case identified the item to be searched for and seized as "[a] handgun, described as black in color semi-automatic type and any marijuana." We find that the preceding language constitutes a description of the item as particularly as is reasonably possible. Consequently, we find no merit in defendant's argument that the warrant violates particularity requirements. Similarly, we find that the warrant is not overbroad. The warrant issued in this instance limited the parameters of the search to a search for a handgun "described as black in color" and "semi-automatic type." Such search terms do not authorize "the seizure of an entire set of items . . . many of which will prove unrelated to the crime under investigation." Accordingly, defendant's overbreadth argument is misplaced.

Finally, defendant argues that the search warrant does not satisfy the staleness doctrine. Defendant claims that the description of the firearm in the search warrant was not included in the affidavit of probable cause. A determination regarding the staleness of information for a search must be made on a case-by-case basis, and it is axiomatic that "stale information cannot supply probable cause necessary to support the issuance of a search warrant." *Commonwealth v. Samuels,* 326 Pa. Super. 561, 565, 474 A.2d 632, 634 (1984), citing *Commonwealth v. Albert,* 264 Pa. Super. 390, 399 A.2d 1106 (1979). "[T]he chief factors to consider when determining whether the information supporting the issuance of a warrant has grown stale are the quality and nature of the seized evidence, the ease with which the evidence

may be disposed of, and the lapse of time between the information and the warrant." *Commonwealth v. Alewine,* 384 Pa. Super. 283, 287, 558 A.2d 542, 543 (1989), citing *Commonwealth v. Klimkowicz,* 331 Pa. Super. 75, 81, 479 A.2d 1086, 1089 (1984).

In the instant case, the information supporting the probable cause for the warrant was obtained the day before the warrant was issued. See *Commonwealth v. Samuels,* 326 Pa. Super. at 566, 474 A.2d at 634-35. The warrant sets forth a violation date of October 7, 2005; and the date and time that the warrant was issued is listed as 7:55 a.m. on October 8, 2005. Because the warrant sufficiently identifies the commission of a crime and the date thereof, and the warrant was timely issued, we find that it was proper for the issuing authority to conclude that the handgun was probably located inside defendant's residence. In addition, the affidavit of probable cause included language relaying that "[the] police have been observing the apartments [sic] exterior and there is no indication that the firearm could have been removed from the apartment." Because the police recognized the relative ease with which a person could dispose of a handgun and observed no indication that defendant could have removed the handgun from the apartment, and because the lapse of time between when the police received the information and when the warrant was issued was brief, we find that there was sufficient probable cause to support the issuance of a warrant and that the warrant that was issued was not stale. Accordingly, the warrant in question satisfies the staleness doctrine and defendant's argument is without merit.

We conclude that the affidavit of probable cause contained sufficient facts to provide a reasonable and logical basis to believe that a handgun would be found in defendant's residence at the time of the application for, and execution of, the search warrant. Additionally, we find that the warrant was neither overbroad, nor was it in violation of the staleness requirement. Accordingly, the portion of the warrant issued in this matter that allowed the police to search defendant's apartment and seize "[a] handgun, described as black in color semi-automatic type" is valid. The handgun evidence is therefore not subject to suppression.

"The doctrine of severance mandates that invalid portions of a search warrant may be stricken and remaining portions held valid, so long as remaining portions of the warrant describe with particularity the evidence to be seized." *Commonwealth v. Bagley,* 408 Pa. Super. 188, 215, 596 A.2d 811, 824 (1991). In light of this doctrine, and for all of the foregoing reasons, defendant's motion to suppress the marijuana is granted and his motion to suppress the handgun is denied.

Accordingly, we enter the following:

ORDER

And now, March 10, 2006, in consideration of defendant's omnibus pretrial motion, defendant's motion to suppress is granted in part and denied in part:

(1) Defendant's motion to suppress the marijuana is granted.

(2) Defendant's motion to suppress the handgun is denied.