J-S01010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM EARL HUNTER, JR. | : | |
| | : | |
| Appellant | : | No. 559 MDA 2024 |

Appeal from the PCRA Order Entered April 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000971-2020

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 12, 2025**

Appellant William Earl Hunter, Jr. appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant claims that his plea counsel was ineffective for failing to file a suppression motion. Following our review, we affirm.

We adopt the PCRA court's summary of the factual and procedural history. *See* PCRA Ct. Op., 8/1/24, at 1-2. Briefly, on May 13, 2020, police executed a search warrant for computers and other electronic devices at Appellant's home that could contain child pornography. As a result of evidence obtained from this the search, Appellant was charged with several counts of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

possession of child pornography and criminal use of communication facility.[2] On October 12, 2021, Appellant pled guilty to five counts of each offense. On March 21, 2022, the trial court sentenced Appellant to an aggregate term of fifteen to thirty years' incarceration. Appellant filed a timely post-sentence motion, which the trial court denied.

Thomas Kenny, Esq. (plea counsel) entered his appearance on behalf of Appellant on August 4, 2020, and represented Appellant at his plea and sentencing hearings as well as in his post-sentence motion for reconsideration of sentence. **See** Entry of Appearance, 8/4/2020; Plea Agmt., 10/5/21 (signed by plea counsel), N.T., Sentencing, 3/21/22.[3]

Appellant subsequently filed a timely direct appeal, which this Court dismissed after direct appeal counsel failed to file an appellate brief. **See Commonwealth v. Hunter**, 879 MDA 2022 (Pa. Super. filed Dec. 12, 2022) (*per curiam*).

Appellant filed the instant timely PCRA petition on June 30, 2023. Therein, Appellant claimed that plea counsel was ineffective for failing to file a motion to suppress the evidence from the search of Appellant's electronic devices based on the doctrine of staleness. **See** Appellant's PCRA Pet., 6/30/23, at 4-9.

---

[2] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

[3] Eileen Teresa Burns, Esq., of Kenny Burns & McGill, also entered an appearance on behalf of Appellant on October 12, 2021, the date of Appellant's plea hearing. **See** Entry of Appearance, 10/12/21. Appellant does not make any claims regarding Attorney Burns' representation.

On March 25, 2024, the PCRA court held an evidentiary hearing at which both plea counsel and Appellant testified. **See** N.T., 3/25/24, at 2-16. Plea counsel testified that he considered filing a suppression motion arguing that the information in the search warrant application was stale, which he had discussed with Appellant, but stated that Appellant agreed to forego filing that motion in order to negotiate a plea with the Commonwealth to avoid potential additional criminal charges. **See id.** at 4-8. Appellant testified that he did not have any discussion with plea counsel concerning a potential suppression issue. **See id.** at 13-16. Ultimately, the PCRA court found plea counsel's testimony to be credible and Appellant had not established both that plea counsel had failed to pursue an issue of arguable merit and that plea counsel lacked an objective reasonable basis for this decision. **See** PCRA Ct. Op., 8/1/24, at 3, 8-9.

Appellant filed a timely notice of appeal and both the Appellant and the PCRA court complied with Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

1. Did the PCRA [c]ourt err when it denied [Appellant's] ineffective assistance of counsel claim by holding that the underlying suppression claim lacked merit?

2. Did the PCRA [c]ourt err when it denied [Appellant's] PCRA claim when it found that counsel had a reasonable basis for foregoing a motion to suppress?

Appellant's Brief at 4.

Our standard of review from a PCRA court's denial of relief is limited to examining whether the determination below is supported by the evidence of record and free of legal error. *See Commonwealth v. Watley*, 153 A.3d 1034, 1039 (Pa. Super. 2016).

The standard we apply when reviewing claims of ineffective assistance of counsel is as follows:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> *    *    *
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).

Further, to establish prejudice where a defendant entered a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super.

- 4 -

2013) (citations omitted and formatting altered). Additionally, claims raised in a PCRA petition must set forth "[e]ach ground relied upon in support of the relief requested" and that failure to identify each required ground precludes a PCRA petitioner "from raising that ground in any proceeding for post-conviction collateral relief." *See* Pa.R.Crim.P. 902(B). In a PCRA petition, where a defendant does not "expressly link" counsel's alleged ineffectiveness regarding suppression issues and the defendant's decision to enter a guilty plea, that defendant waives any issues related to ineffective assistance of counsel and his guilty plea on appeal. *Commonwealth v. Lambert*, 228 WDA 2024, 2024 WL 4880031, at *3 (Pa. Super. filed Nov. 25, 2024) (unpublished mem.).[4]

Here, in his PCRA petition, Appellant acknowledged that he pled guilty to the above-mentioned charges. *See* Appellant's PCRA Pet., 6/30/23, at 1-2. Appellant claimed, however, that plea counsel was ineffective because he "did not file a motion to suppress all evidence derived from the execution of the search warrant[.]" *Id.* at 4. Appellant further claimed that plea counsel did not have any "reasonable basis for failing to" file the suppression motion and that "[h]ad [plea] counsel filed and litigated this . . . motion to suppress, . . . all of the evidence obtained from the [Appellant's] residence[]" would have been suppressed. *Id.* at 8-9.

---

[4] Pursuant to Pa.R.A.P. 126(b), we may cite unpublished memorandum decisions of the Superior Court filed after May 1, 2019, for their persuasive value.

However, Appellant did not state that there was a connection between plea counsel's alleged failure to file a suppression motion and Appellant's entry of a guilty plea or that, but for plea counsel's alleged failure, Appellant would have forgone a guilty plea and proceeded to trial. Accordingly, Appellant has failed to articulate that he suffered prejudice as a result of plea counsel's inaction. *See Barndt*, 74 A.3d at 192 (explaining that in order to establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); *see also Lambert*, 2024 WL 4880031 at *2 (noting that a defendant waives any issues concerning counsel's failure to file a suppression motion by failing to expressly link counsel's alleged ineffectiveness and the defendant's decision to enter a guilty plea in a PCRA petition). Therefore, we conclude that Appellant's ineffectiveness claims are waived.[5] *See* Pa.R.Crim.P. 902(B); *Lambert*, 2024 WL 4880031 at *3. For

_____

[5] In any event, even if Appellant's claims were not waived, we would affirm on the basis set forth in the PCRA court's opinion. Specifically, we agree with the PCRA court that Appellant failed to establish that his claims had arguable merit and that plea counsel was ineffective for failing to pursue suppression based on the doctrine of staleness. *See* PCRA Ct. Op., 8/1/24, at 3, 9; *see also Sandusky*, 203 A.3d at 1043-44; *Watley*, 153 A.3d at 1039.

The parties are directed to attach a copy of the PCRA court's opinion in the event of further proceedings.

We note that the PCRA court's opinion contains two relevant typographical errors. On pages 3-4 of the PCRA court's opinion, a quote should read "Prejudice **in the context of ineffective assistance of counsel means demonstrating that** there is a reasonable probability **that, but for**
*(Footnote Continued Next Page)*

these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/12/2025

---

**counsel's error,** the outcome of the proceeding would have been different." *See* PCRA Ct. Op. at 3-4 (quoting *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009)). Further, the citation in the last paragraph on page 4 should read "*Commonwealth v. Samuels*, **474** A.2d 632 (Pa. Super. 1984)." *See id.* at 4.