466 A.2d 1079

**COMMONWEALTH of Pennsylvania**

v.

**Mark CRAWFORD, a/k/a Eleuterio Rivera, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1983.

Filed Oct. 14, 1983.

Ruth R. Shafer, Media, for appellant.

Andrew S. Kovach, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH and WIEAND, JJ.

CAVANAUGH, Judge:

This is an appeal from judgment of sentence entered after appellant Crawford, also known as Chuck Rivera, was convicted of burglary following a non-jury trial. The appellant makes several alternate claims that the lower court

improperly denied his pretrial motion to suppress certain evidence of the burglary. We, however, agree with the lower court and affirm.

In this case, appellant was convicted of the January 27, 1981, burglary of a Delaware County (hereinafter "Telgheider") residence. However, the facts leading up to appellant's arrest first involved the January 23, 1981, burglary of a Philadelphia County (hereinafter "Gaudiosi") residence.

With respect to the Gaudiosi burglary, appellant was stopped at 11:50 a.m., on January 28, 1981, in the neighborhood of the burglary, by Philadelphia police who noticed that appellant and his car fit the description of a car and driver seen at the time and place of this crime. Upon approaching the car, the officer noticed that appellant was wearing unusual jewelry, which fit the description of jewelry taken from the Gaudiosi residence. Based on this, appellant was taken to the police station, where he was questioned by the detective working on the Gaudiosi case. The questioning initially covered identification of appellant, including the address of his residence, and later involved questions relating to the burglary itself.

At 6:00 p.m., Mr. Gaudiosi, the victim of the burglary, positively identified the jewelry as his, and at 10:00 p.m., appellant was arraigned. A nighttime search warrant was then issued at 2:00 a.m., January 29, to search No. 1022 South Cleveland St., which was identified in the warrant affidavit as appellant's residence. This warrant was executed thirty minutes later, and yielded, among other things, evidence of the Telgheider burglary, for which the appellant was convicted in this case.

Appellant's first three arguments are alternate claims that the affidavit supporting the search warrant is insufficient to provide probable cause to search No. 1022 South Cleveland St., and that the evidence of the Telgheider burglary, being derived from this search, was tainted and should have been suppressed. The warrant affidavit reads in pertinent part as follows:

## NIGHT TIME SEARCH REQUESTED:

Probable cause belief is based on the following facts and circumstances

On, Friday, 1–23–81 Approx. 9:25 PM. complainant Al Gaudiosi, W/M Age 57 Yrs, 7000 Greenhill Rd. Reported to police 19th. Dist. that his residence was burglarized by unknown person or person,s who force dinning room window. Taken from prem. was a large amount of items consisting of jewelry, silver-waer mantle clock and coin set,s. On, Wednesday, 3–28–81 Approx. 10:00 PM. Det. Joseph Berner # 9224 WDD. arrested Chuck Rivera N/M 1022 S. Cleveland St. after accused was found to have possession of two items listed as stolen in Mr. Al Gaudiosi burglary reported to police on Friday 1–23–81 These items were identify as being stolen by Al Gaudiosi inside his residence on Wed. 1–28–81 Approx. 4:00 P.M. Present Det. Joseph Berner # 9224. It,s requested that a search warrant be issued for the residence of accused Chuck Rivera, 1022 S. Cleveland St. to locate and seized other possible stolen articles taken in complainant burglary and to use same as evidence against defendant. Also to return stolen articles to lawful owners. I, Det. Joseph Berner due stated that the facts are true and correct in this affidavit to the best of my knowledge and belief. NIGHT TIME SEARCH REQUEST TO PREVENT RE-OVAL OF STOLEN ARTICLE BY ACCUSED OR OTH-ERS.

Signature of Affiant

/s/ Det. Joseph Berner

Appellant first contends that the warrant affidavit fails to establish probable cause to search the premises at No. 1022 South Cleveland St., since it does not indicate the factual basis of affiant's assertion that this address is appellant's residence.

■ It is well established that a search warrant affidavit must contain sufficient facts to permit the issuing judge to conclude with reasonable certainty that a crime has been committed and that evidence or fruits thereof may be found on the premises to be searched. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Commonwealth v. Luddy,* 281 Pa.Super. 541, 422 A.2d 601 (1980), *cert. denied,* 454 U.S. 825, 102 S.Ct. 114, 70 L.Ed.2d 99 (1981). However, the affidavit should be read in a commonsense and reasonable fashion, rather than with a grudging and negative attitude. *Illinois v. Gates, supra; United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Commonwealth v. Hutchinson,* 290 Pa.Super. 254, 434 A.2d 740 (1981). To require the affidavit to set forth the underlying facts and circumstances *ad infinitum* would be unreasonable. Although in this case the suspect's residence is simply identified as No. 1022 South Cleveland St., the crucial facts, which are that appellant was caught in possession of a small part of a large quantity of recently stolen property, were fully set forth for the issuing judge. We find this averment sufficient without further facts supporting the collateral assertion that No. 1022 South Cleveland Street was appellant's residence.

■ Appellant next argues that the warrant should not have issued because the affidavit does not connect the stolen property with his residence. However, as previously noted, the affidavit states that the stolen jewelry found in appellant's possession at the time of his arrest was only a small part of the property stolen just five days earlier. In view of the bulk of property stolen, which included silverware, a mantle clock and a coin collection, it was reasonable for the issuing judge to conclude that it would not be concealed on appellant's person, but rather in a place under his control, such as his residence. Further, because only a short time had elapsed since the burglary, it was reasonable to conclude that the property had not yet been disposed of. *See Commonwealth v. Hutchinson, supra. Compare*

*Commonwealth v. Heyward,* 248 Pa.Super. 465, 375 A.2d 191 (1977) (unreasonable to infer that stolen automobile titles would be located in suspect's house more than two years after theft).

■■■ Appellant next argues that the warrant affidavit does not justify a nighttime search of his residence. Pennsylvania Rule of Criminal Procedure 2003(c) provides that "[n]o search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search." In this case, appellant was in police custody under arrest. The application for the search warrant was made in the middle of the night. The very real possibility existed that appellant's fate had become known or would become known before the night was over, and that this would prompt removal of the stolen property by others. Reasonable cause was, thus, established for the expeditious, nighttime search. *Commonwealth v. Baldwin,* 253 Pa.Super. 1, 384 A.2d 945 (1978).[1]

■■■ Appellant's final contention is that his name and address were illegally obtained because he gave this information during a period of police custody which violated the six hour rule of *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977). Assuming, *arguendo,* that *Davenport* was violated, preliminary questions, such as name and address, go to identity and do not solicit the type of inculpatory response contemplated by the exclusionary rule of *Davenport. See Commonwealth v. Davis,* 460 Pa. 37, 331 A.2d 406 (1975); *Commonwealth v. Bey,* 294 Pa.Super. 229, 439 A.2d 1175 (1982).

Since we find no error in the rulings of the lower court, we affirm.

1. We note that even where a nighttime search is not supported by the affidavit, suppression of evidence so obtained is not necessarily, as appellant suggests, the appropriate remedy. *See Commonwealth v. Johnson and Henry,* 315 Pa.Super. 579, 462 A.2d 743 (1983).