## Commonwealth v. Fleming

*Harry A. Penich,* for the Commonwealth.
*Timothy R. Bonner,* for defendant.

ACKER, *J.,* October 10, 1984—This matter comes before this court upon an omnibus pretrial motion consisting of a motion to quash, motion to suppress, and motion to be placed under Accelerated Rehabilitation. The motion to quash is granted. Because of defendant's failure to take a breathalyzer test, a reading of defendant's blood alcohol content was unable to be obtained. Defendant cannot, therefore, be convicted of operating a motor vehicle with a blood alcohol of .10 or greater.* [75 Pa. C.S. §3731(a)(4)].

The request to be placed under Accelerated Rehabilitation Disposition is premature and is not properly part of an omnibus pretrial motion. Defendant's counsel did subsequently present a motion for Accelerated Rehabilitation Disposition in conformity with the local rule of court, L.178. That matter is in abeyance pending the outcome of the omnibus pretrial motion.

---

*As amended, December 15, 1982, P.L. 1268, no. 289, §9, 75 Pa.C.S. §3731.

As to the omnibus pretrial motion hearing, by agreement of the parties all statements which were made by defendant at or after his arrest were agreed to be subject to suppression under Commonwealth v. Davenport, 471 Pa. 278, 370 A.2d 301 (1977). Reserved for decision is whether defendant's conduct constituted a refusal to be tested upon the intoxalyzer machine to determine his blood-alcohol level may be received into evidence. Testimony was taken and this court reviewed a videotape of the occurrence at the Hermitage Police Department concerning efforts to have defendant agree to take the test. This court concludes the following

## FINDINGS OF FACT

1. On March 11, 1984, defendant was operating a motor vehicle on Route 62 in Hermitage Township at about 1:30 a.m.

2. Upon being stopped by the Hermitage Police, defendant professed to have been watching a football game for approximately three hours during which time he consumed but a couple of beers.

3. Defendant did not claim a blow to the head, nor that he had been recently injured, nor that he was under a doctor's or a dentist's care.

4. Defendant was given a coordination test consisting of putting his index fingers to his nose. He was successful in doing so with his left index finger, but not with his right. He was asked twice to put his head back. There was some swaying or weaving. He was asked to bend over at the waist with his eyes closed which he did on two occasions with some swaying. He was asked to pick up his right foot and hold it which he did successfully and then to pick up his left foot and hold it which he had trouble doing. He was asked to walk a white line to which he

had difficulty in doing. Defendant was asked if he wished to take the intoxalyzer test on several occasions by Sergeant Hoffman of the Hermitage Police. Defendant responded that there was no reason to keep him there. Eventually, after many requests, defendant stated that he had to "take the damn test then."

5. Sergeant Hoffman took defendant into the booking room for the purpose of taking the test at the Hermitage Police Department and explained to him how he was to put the tube in his mouth. Defendant took the mouthpiece with the tube, but put his thumb in his mouth at the same time.

6. As a result of defendant's conduct, the machine did not properly operate. The officer then took another mouthpiece, attached it to the tube, and gave it to defendant who put it in the right side of his mouth with his thumb and attempted to blow, but again the machine would not operate.

7. The officer had demonstrated the machine and had blown into it to show that it was in fact working.

8. The officer recorded the conduct of defendant as a refusal.

## DISCUSSION

The first issue for determination was whether the defendant's conduct can be deemed as a refusal to take the test. Anything less than an unequivocal assent by defendant is deemed a refusal including a request to speak to an attorney before taking the test. Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Wroblewski, 65 Pa. Commw. 333, 442 A.2d 407 (1982). We conclude that defendant purposefully set about to prevent the test from being effectively administered, but still not

to be regarded as having refused to take the test. His conduct was a subversion of the intent of the statute which requires a defendant placed under arrest in violation of 75 Pa. C.S. §3731 to submit to a chemical testing [75 Pa. C.S. §1547(b)(2)].

Wherefore, we conclude that the Commonwealth may introduce evidence showing the failure of defendant to properly take the test.

Defendant desires a suppression of all statements taken of defendant in violation of Davenport for impeachment if defendant would testify contrary to that told the police officer. He further requests the court determine that the statements he made to Sgt. Hoffman cannot be used against him in the event of a perjury charge. The latter is too remote in time and events for this court to pass upon. Although statements cannot be used against defendant in the Commonwealth's case in chief, they may be used in rebuttal despite an alleged Davenport violation. Commonwealth v. Bennett, 498 Pa. 656, 450 A.2d 970 (1982), 287 Pa. Super 485, 430 A.2d 994 (1981).

Wherefore, we conclude that statements which are made in violation of the Davenport rule may be used in rebuttal in this case.

The final contention of defendant is that evidence of defendant's refusal to take the breathalyzer test must be suppressed under Davenport. Commonwealth v. Davenport, supra, holds that if an accused is not arraigned within six hours of arrest, any statement obtained from the accused after the arrest, but before arraignment, should not be admissible at trial. The conduct of defendant in attempting to prevent the breathalyzer test from being properly administered consisted of physical acts of putting his thumb in his mouth with the mouthpiece. Such acts are not subject to the Davenport rule. Further,

instructions given to defendant without consideration of his answers are not subject to the Davenport rule. The failure of defendant to properly take the test is therefore a fact.

We previously held in Commonwealth v. Healey, 17 Mercer L.J. 377 (1979), that a refusal to take the breathalyzer test may be admitted into evidence despite a Davenport violation. In Healey, we relied upon Commonwealth v. Enders, 8 D.&C.3d 327 (1978), which held that Davenport does not apply to responses to police questions concerning identity, address, age, place of employment, parents' names, as well as a description of the scene of the crime because such answers are not calculated or expected to produce incriminating responses. Commonwealth v. Crawford, 320 Pa. Super. 95, 466 A.2d 1079 (1983); Commonwealth v. Bey, 294 Pa. Super. 229, 439 A.2d 1175 (1982). We acknowledge that Davenport may extend beyond statements and include evidence obtained as a result of more than a six-hour delay in arraignment. However, as held by Judge Dowling in Commonwealth v. Enders, the rule was not intended to be applied without the exercise of common sense. Only that evidence which could reasonably be related to the delay must be suppressed. The early accomplishment of the sobriety test is to the advantage of the Commonwealth in most cases since the alcohol in a person's system dissipates with time. Therefore, there is no motive for the Commonwealth not to conduct the test as soon as possible thereby being the exact opposite of the concern in the Davenport case that evidence would be obtained without assuring defendant of his constitutional rights through extensive and prolonged interrogation and confinement.

Since the refusal to take the breathalyzer test here is a physical act of a non-testimonial nature, it

is not subject to protection as self-incrimination or to the Miranda rights. Commonwealth v. Benson, 280 Pa. Super. 20, 421 A.2d 383 (1980); Commonwealth v. Dougherty, 259 Pa. Super. 88, 293 A.2d 730 (1978).

Wherefore, we conclude that the Commonwealth may introduce into evidence the refusal of defendant by his conduct to take the intoxalyzer test and defendant's efforts to evade the test.

Hence, this

## ORDER

And now, this October 10, 1984, it is hereby ordered and decreed that defendant's omnibus pretial motion is denied, with the exception of that contained in our order of August 3, 1984, as a result of an agreement of the parties, that all statements made by defendant at or after the time of his arrest are suppressed.