## Commonwealth v. Pettiford

*Carolann A. Young, assistant district attorney,* for the Commonwealth.

*Robert E. Stewart,* for defendant.

FIKE, *P.J.,* March 12, 1991—This case is before the court on defendant's omnibus pretrial motion in the nature of a petition for writ of habeas corpus, challenging the existence of a prima facie case.

Defendant is charged with indecent assault, Crimes Code, 18 Pa.C.S. §3126(a)(1) and corruption of minors, 18 Pa.C.S. §6301(a). The charges arise from alleged offensive contact with a 12-year-old girl during her attendance at summer camp, at which defendant was a counselor.

414

At the preliminary hearing, the victim testified, inter alia, that on one occasion, in the presence of others, defendant was rubbing and feeling her legs or leg, in the knee to calf area, and that on a previous occasion, defendant was rubbing on her neck, cheek and hair, and was kissing her neck.

Defendant contends that even if true, the evidence is insufficient to show a prima facie case of indecent assault. Indecent assault must be based on proof that "indecent contact" occurred, as defined in 18 Pa.C.S. §3101. Defendant claims that the legs, neck and cheek are not intimate parts of the body; that, therefore, touching of the legs and cheek and kisses on the neck do not fall within section 3101's definition of indecent contact; and that consequently, the indecent assault charge cannot stand. Since the charge of corrupting minors is based on the indecent assault, defendant argues that if the indecent assault charge fails, the corrupting minors charge fails likewise.

After reading the transcript of the victim's testimony at the preliminary hearing, considering the objective of section 3126 of the Crimes Code, and noting the victim's age, we conclude that the Commonwealth has proved a prima facie case. We cannot say that under no circumstances can a rubbing and touching of the leg and cheek or a kiss on the neck be considered indecent contact. In particular, in the instant case, the victim's description of the defendant's conduct convinces us that sufficient evidence has been presented to prove a prima facie case and to permit the charges to move forward.*

_____
* See also, *Commonwealth v. Ronald W. Bittinger,* Somerset County, 401 Criminal 1987, slip op. September 21, 1988, Fike, *P.J.* (evidence of hand moving up thigh sufficient to present jury question of whether touching was of an intimate part of the body and otherwise within the definition of intimate

Accordingly, we will dismiss defendant's petition with respect to both charges.

### ORDER

Now, March 12, 1991, it is ordered that defendant's omnibus pretrial motion in the nature of a petition for writ of habeas corpus is denied.

---

contact and indecent assault); and *Commonwealth v. Robert D. Thomas,* Somerset County, 126 Criminal 1989, slip op., March 14, 1990, Cascio, *J.* (Fike, *P.J.,* concurring.)