**Commonwealth v. Moore**

C.P. of Lawrence County, Nos. 167, 1229, 1232 of 2012

*Jessica Barson*, for Commonwealth.
*Dennis A. Elisco*, for defendant.

COX, *J.*, Oct. 31, 2014—Before the court for disposition is the petition for writ of habeas corpus filed at case number 167 of 2012, C.R., and the omnibus pretrial motions filed at case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., on behalf of the defendant Frank Leroy Moore, Jr. At case number 167 of 2012, C.R., the defendant asserts that the Commonwealth is unable to establish a prima facie case for the charges of indecent Assault and corruption of minors as there is a lack of evidence that the defendant had improper contact with the victim. At case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., the defendant argues that the evidence seized pursuant to the search warrant obtained and executed by Detective Brian Cuscino on June 13, 2012, should be suppressed as the information contained in the affidavit of probable cause used to procure the search warrant was state. The Commonwealth has also raised a motion to consolidate cases concerning all three of the aforementioned cases.

C.M., the victim at case number 167 of 2012, C.R., who was born on September 16, 1996, previously lived with her father, the defendant. She recalled an incident when she was approximately eleven or twelve years old, in which the defendant touched her inappropriately. The victim testified that during the summer before she entered either sixth or seventh grade, one evening she was in the living room of her residence watching television with her

father while her mother was upstairs sleeping. The victim asked the defendant to tickle or rub her back, which was a normal request for her to make. The defendant began rubbing her back and her shirt was removed. At that time, the victim laid down and pretended to be asleep because she was afraid. The defendant then removed the victim's pants and underwear while the victim kept her eyes closed as she did not want to see what was happening. The defendant proceeded to place his finger inside of her vagina for several minutes. For the duration of these events, the defendant remained completely clothed. The victim terminated the encounter by wrapping herself in a blanket and going upstairs. She did not inform anyone about these events until 2012 when she confided in her friend Brad Nulsen and she eventually informed her mother of those events as well.

At case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., Corporal Richard Contl, Jr., of the New Castle Police Department began investigating the defendant for having surveillance equipment in his home as Corporal Conti received reports from a juvenile, who saw a video of herself and another juvenile taking a shower. On July 31, 2008, Corporal Conti was able to obtain a search warrant for the defendant's residence, which he executed on that date. He seized two computers and several videotapes that were stored at the New Castle Police station in a permanent evidence locker. Corporal Conti viewed one of the videotapes and discovered videos of juvenile females showering interspersed between recorded episodes of the television show Star Trek. However, no charges were filed in 2008 relating to the videotapes or the computers and the cases remained dormant until the Fall of 2012 when the investigations were revived by Detective Brian Cuscino of the New Castle Police Department. At that time, the victim at case number 167 of 2012, C.R., informed

Detective Cuscino that she was touched inappropriately by the defendant. Detective Cuscino was also notified that there was an open investigation from 2008 concerning the defendant and the evidence was still in the custody of the New Castle Police Department. On June 13, 2012, Detective Cuscino applied for and received a search warrant for the contents of the computers in order to have the contents of the computers extracted by the Pennsylvania State Police computer lab at Edinboro University. The computers were returned to Detective Cuscino in September of 2012, and several images of juveniles showering were extracted from one of the computers. Detective Cuscino also viewed the videotapes during his investigation.

The defendant was then charged with aggravated indecent assault of a child[1], aggravated indecent assault-complainant less than 16 years old[2], indecent assault-without consent of other[3], indecent assault-person less than 13 years of age[4] and corruption of minors-defendant age 18 or above[5] at case number 167 of 2012, C.R. He also was charged with four counts of photographing, videotaping, depicting on computer or filming sexual acts[6] and eight counts of child pornography[7] at case number 1229 of 2012, C.R. In addition, at case number 1232 of 2012, C.R., the defendant was charged with three counts of photographing, videotaping, depicting on computer or filming sexual acts[8] and three counts of child pornography[9].

---

1. 18 Pa.C.S.A. § 3125(b).
2. 18 Pa.C.S.A. § 3125(a).
3. 18 Pa.C.S.A. § 3126(a)(1).
4. 18 Pa.C.S.A. § 3126(a)(7).
5. 18 Pa.C.S.A. § 6301(a)(1)(ii)
6. 18 Pa.C.S.A. § 6312 (b).
7. 18 Pa.C.S.A. § 6312(d)(1).
8. 18 Pa.C.S.A. § 6312(b).
9. 18 Pa.C.S.A. § 6312(d)(1).

In his petition for writ of habeas corpus filed at case number 167 of 2012, C.R., the defendant contends that the Commonwealth is unable to establish a prima facie case for the charges of indecent assault and corruption of minors as there is a lack of evidence that the defendant improperly touched the victim.

Indecent assault is defined as:

(a) Offense defined. — A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

....

(7) the complainant is less than 13 years of age. 18 Pa.C.S.A. § 3126(a)(1) and (7).

The phrase indecent contact includes "a sexual or intimate part of the victim's body is brought into contact with any part of the defendant's body, without the victim's consent, for the purpose of arousing or gratifying a sexual desire." *Commonwealth v. Grayson*, 379 Pa. Super. 55, 62, 549 A.2d 593, 596 (1988). The crime of indecent assault was created to address the widespread concern for the outrage, disgust and shame engendered in the victim. *Commonwealth v. Whetstine*, 344 Pa. Super. 246, 254, 496 A.2d 777, 781 (1985) (citing *Commonwealth v. Capers*, 340 Pa. Super. 136, 489 A.2d 879 (1985)). Additionally, uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses. *Commonwealth v.*

*Castelhun*, 889 A.2d 1228,1232 (Pa. Super. 2005) (quoting *Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999)). In *Castelhun*, the Commonwealth presented the testimony of the victim, who stated that the appellant repeatedly touched her in a sexual manner by placing his penis in her mouth, digitally penetrating her vagina and inserting his pents into her vagina. The *Castelhun* Court determined that the Commonwealth presented sufficient evidence that the appellant committed the offense of indecent assault solely through the victim's testimony. *Id.*, 889 A.2d at 1233-1234.

The sufficiency of the Commonwealth's evidence concerning the charge of indecent assault was also challenged in a petition for writ of habeas corpus in *Commonwealth v. Pettiford*, 10 Pa. D. & C. 4th 413 (Pa. Com. Pl. Somerset 1991). In that case, the victim was a 12-year-old girl attending summer camp and the defendant was a counselor at that camp. At the preliminary hearing, the victim testified that in the presence of the other campers, the defendant began rubbing and touching her legs in the knee to calf area and on a previous occasion the defendant rubbed her neck, cheek and hair. The defendant also kissed her neck as well.

The defendant in *Pettiford* argued that the legs, neck and cheek are not intimate parts of the body and the defendant's actions do not fall within the definition of indecent assault. After reviewing the transcript of the victim's testimony, the *Pettiford* Court concluded that the Commonwealth established a prima facie case that the defendant committed indecent assault. *Id.*, 10 Pa. D. & C. 4th at 414. The court reasoned, "We cannot say that under no circumstances can a rubbing and touching of the leg and cheek or a kiss on the neck be considered indecent contact." *Id.*, As a result, the *Pettiford* Court held that the

victim's description of the defendant's conduct established sufficient evidence that a *prima facie* case existed against the defendant and the charges were permitted to move forward. *Id.*

The defendant also challenges the sufficiency of the Commonwealth's evidence for the charge of corruption of minors, which consists of:

(a) Offense defined.—

(1)(ii) Whoever, being of the age of 18 years and upwards, by any act in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree, 18 Pa.C.S.A. § 6301(a)(1).

The charge of corruption of minors requires that the Commonwealth prove the specific underlying act that is alleged in the criminal information. *Commonwealth v. Anderson*, 379 Pa. Super. 589, 598, 550 A.2d 807, 811 (1988). In the current case, the information states, "Namely the actor did touch a juvenile on her back, stomach and breasts and then removed her clothing and put his fingers in her vagina without permission." These are the same allegations that are contained in both counts for the charges of indecent assault.

The victim at case number 167 of 2012, C.R., testified that she previously lived with her father and she testified to an incident that occurred when she was approximately eleven or twelve years old. During the summer prior to her entering either sixth or seventh grade, the victim was watching television in the living room of her residence with the defendant when she asked him to tickle or rub

her back. At that time, the defendant began rubbing her back and he removed her shirt. The victim laid down and pretended to be asleep because she was afraid. The defendant then removed the victim's pants and underwear while the victim kept her eyes closed to avoid seeing what was occurring. The defendant proceeded to place his finger inside of her vagina for several minutes. The victim was able to end the encounter by wrapping herself in a blanket and going upstairs.

The Commonwealth has presented evidence that the defendant had indecent contact with the victim as she testified that the defendant removed her pants and underwear and placed his finger in her vagina for several minutes. Moreover, the testimony indicates that the victim was less than 13 years of age as she testified the incident occurred when she was either eleven or twelve years old during the summer before she entered sixth or seventh grade. As stated in *Castelhun*, the victim's testimony alone is sufficient to support a guilty verdict against a criminal defendant. Similarly, the court is to accept the victim's testimony as being truthful at this stage in the proceedings. In addition, indecent assault is a sexual offense listed in Chapter 31 of the crimes code, which provides a basis for the charge of corruption of minors. Therefore, the Commonwealth has presented sufficient evidence to support the two counts of indecent assault and the charge of corruption of minors concerning the allegations that the defendant rubbed the victim's back and "removed her clothing and put his fingers in her vagina without permission." The information filed at case number 167 of 2012, C.R., also contains allegations that the defendant touched a juvenile on her stomach and breasts. However, the Commonwealth has not presented any evidence that the defendant performed those actions and the petition for writ of habeas corpus is granted concerning the allegations

that the defendant touched a juvenile on her stomach and breasts.

At case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., the defendant argues that the evidence seized pursuant to the search warrant obtained and executed by Detective Brian Cuscino on June 13, 2012, should be suppressed as the information contained in the affidavit of probable cause used to procure the search warrant was stale.

"[I]t is well established that a search warrant affidavit must contain sufficient facts to permit the issuing judge to conclude with reasonable certainty that a crime has been committed and that evidence or fruits thereof may be found on the premises to be searched." *Commonwealth v. Samuels*, 326 Pa. Super. 561, 564-565, 474 A.2d 632, 634 (1984) (citing *Commonwealth v. Crawford*, 320 Pa. Super. 95, 466 A.2d 1079 (1983)). State information cannot supply the probable cause necessary to support the issuance of a search warrant. *Id.*, 326 Pa. Super. at 565, 474 A.2d at 634 (citing *Commonwealth v. Albert*, 264 Pa. Super. 390, 399 A .2d 1106 (1979)). In determining whether the evidence supporting the issuance of a search warrant is state "[t]he issuing magistrate must consider the nature and quantity of items to be seized, the time lapse Involved, and the ease with which the items may be disposed. The validity of any search warrant must be determined on a case-by-case basis considering the unique circumstances of each case." *Commonwealth v. Klimkowicz*, 331 Pa. Super. 75, 81, 479 A.2d 1086, 1088-1089 (1984) (citing *Commonwealth v. Jones*, 229 Pa. Super. 224, 323 A.2d 879 (1974)). There is no hard and fast rule for determining staleness and the mere lapse of time between the discovery of the criminal activity and the issuance of the search warrant will not necessarily dissipate the existence of probable cause as

long as there is a showing that the criminal activity is likely to have continued up to the time of issuance of the warrant. *Commonwealth v. Stamps*, 493 Pa. 530, 536, 427 A.2d 141, 144 (1981) (citing *United States v. Harris*, 403 U.S. 573, 579 n.2, 91 S.Ct. 2075, 2079 n.2, 29 L.Ed.2d 723 (1971)). "The necessity to establish the time frame concerning which the search warrant is sought is to avoid staleness as a warrant can only issue upon probable cause that exists at the time of issuance." *Commonwealth v. Haggerty*, 388 Pa. Super. 67, 71-72, 564 A.2d 1269,1271-1272 (1989) (citing *Stamps*, 493 Pa. 530, 427 A.2d 141).

In the current cases, Corporal Conti commenced an investigation of the defendant after receiving information from a juvenile that the defendant had surveillance equipment in his home. The juvenile stated that she saw a video of herself and another juvenile showering. On July 31, 2008, Corporal Conti obtained a search warrant for the defendant's residence, which was executed on that date. He seized two computers and several videotapes that were stored in a permanent evidence locker. Corporal Conti viewed one of the videotapes and discovered videos of juvenile females showering interspersed between recorded episodes of Star Trek. It is unknown as to whether the original search warrant also included permission to search the contents of the computers that were seized. No charges were filed in 2008 relating to the videotapes or the computers and the cases remained dormant until the fall of 2012 when the investigations were revived by Detective Brian Cuscino of the New Castle Police Department. At that time, the victim at case number 167 of 2012, C.R., informed Detective Cuscino that she was touched inappropriately by the defendant. Detective Cuscino was notified concerning an open investigation from 2008 relating to the defendant. The evidence seized as part of that investigation remained in the custody of the New

Castle Police Department. On June 13, 2012, Detective Cuscino applied for and received a search warrant for the contents of the computers in order to have the contents of the computers extracted by the Pennsylvania State Police computer lab at Edinboro University. The computers were returned to Detective Cuscino in September of 2012, and several images of juveniles showering were extracted from one of the computers. Detective Cuscino also viewed the videotapes during the course of his investigation.

It is important to note that the charges at case number 1232 of 2012, C.R., are not based upon evidence obtained through the execution of the June 13, 2012, search warrant, as they are based upon videos of juvenile females showering that were seized during the execution of the July 31, 2008, search warrant. Moreover, Counts 1 through 8 in case number 1229 of 2012, C.R., are also based upon similar evidence. Those charges would not be affected by the issuance of the June 13, 2012, search warrant. However, Counts 9 through 14 are based upon images of naked juveniles showering that were extracted from the computers seized on July 31, 2008. Those images were seized based upon the search warrant obtained by Detective Cuscino on June 13, 2012.

The defendant contends that the information supporting probable cause for the June 13, 2012, search warrant is stale as it related to the computers seized during the execution of the July 31, 2008, search warrant. The court is required to examine the existence of probable cause at the time each search warrant was issued and whether the evidence presented at that time was stale. Corporal Conti received information the defendant installed surveillance equipment in his residence, which he utilized to record juveniles showering. Upon receiving that information from a juvenile, who viewed a recording of herself and

another juvenile showering, Corporal Conti made a timely application for and was issued a search warrant. Moreover, Corporal Conti executed the search warrant on the date it was issued. Two computers and several videotapes were seized during the execution of that warrant, which remained in the custody of the New Castle Police Department. No further action was taken concerning that evidence until the victim at case number 167 of 2012, C.R., reported that she was inappropriately touched by the defendant. At that time, Detective Cuscino also learned of the previous investigation, search warrant and the seized computers. In his investigation, Detective Cuscino obtained another search warrant on June 13, 2012, for the contents of the computers that were properly seized during the execution of the July 31, 2008, search warrant. Based upon the record currently before the court, there is no indication that either search warrant was based upon stale information at the time it was issued. The July 31, 2008, search warrant was based upon current information received from the juvenile that the defendant installed surveillance equipment in his residence and he was recording juveniles, while they were showering. Corporal Conti timely applied for a search warrant, was granted the same and executed the warrant on the same day. Furthermore, Detective Cuscino applied for a search warrant on June 13, 2012, to obtain the contents of the computers already seized by Corporal. Conti based upon information provided by C.S. He was granted that search warrant and executed it on the same date by sending the computers to the crime lab to have the contents extracted. There is no indication that either search warrant was issued based upon evidence that was stale as the evidence was current at the time when each search warrant was issued. Therefore, the defendant's Omnibus Pretrial Motions at case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., are denied.

The Commonwealth has also raised a motion to consolidate cases for case numbers 167 of 2012, C.R., 1229 of 2012, C.R., and 1232 of 2012, C.R.

Joinder of trials for separate informations is governed by Pa.R.Crim.P. 582, which states:

(A) Standards

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) The evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) The offenses charged are based on the same act or transaction.

"Whether or not separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Newman*, 528 Pa. 393, 398, 598 A.2d 275, 277 (1991) (citing *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491 (1988)). The Pennsylvania Supreme Court has created a three pronged test for determining if joinder of offenses is proper, which is as follows: "whether the evidence of each of the offenses would be admissible in a separate trial for the other, whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses." *Lark*, 518 Pa. at 302, 543 A.2d at 497 (1988). Evidence of crimes perpetrated on different dates may be admissible in trials for each separate offense if

it constitutes a sequence of events that forms the history of the case and is part of the natural development of the case. *Commonwealth v. Thomas,* 879 A.2d 246, 260-261 (Pa. Super. 2005) (quoting *Commonwealth v. Drumheller,* 570 Pa. 117, 138, 808 A.2d 893, 905 (2002)). "Consolidation of indictments requires only that there are shared similarities in the details of each crime." *Newman,* 528 Pa. at 400, 598 A.2d at 278 (1991) (citing *Commonwealth v. Morris,* 493 Pa. 164, 176, 425 A.2d 715, 721 (1981)). Moreover, prejudice in terms of Pa.R.Crim.P. 582 means "that which would occur if the evidence tended to convict [the defendant] only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." *id.,* 528 Pa. at 401, 598 A.2d at 279 (quoting *Lark,* 518 Pa. at 307-308, 543 A.2d at 499).

Case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., should be consolidated as they arise out of the same series of transactions or occurrences and are based upon similar facts. Both cases deal with the defendant placing surveillance equipment in his residence and utilizing that equipment to record juvenile females showering. He also placed a two-way mirror in his shower, so he could view the juveniles showering. At case number 1229 of 2012, C.R., the defendant is charged with six counts of sexual abuse of children-possession of child pornography for having six images of juveniles showering and at case number 1232 of 2012, C.R., the defendant is charged with several offenses for installing a two-way mirror in the bathroom for viewing and videotaping juvenile females showering and for possessing videos of naked juveniles in the shower. These incidents are very closely related, yet, they can be distinguished by a jury as they involve different victims, which can provide the jury a way to distinguish the charges. Moreover, the defendant

will not be prejudiced by the consolidation of these two informations for trial as the same evidence used to prove the charges at case number 1229 of 2012, C.R., will be utilized to prove the charges at 1232 of 2012, C.R.

However, the information at case number 167 of 2012, C.R., will not be consolidated with those cases as it would be prejudicial to the defendant if case number 167 of 2012, C.R., is tried with those cases. At case number 167 of 2012, C.R., the defendant is charged with several offenses arising from an incident where he allegedly inappropriately touched the victim. This case is significantly different from case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., as those cases dealt with recording and viewing juvenile females while showering. There is no indication that the evidence utilized to prove case number 167 of 2012, C.R., would be admissible in the trials at the other two case numbers nor would the evidence from those cases be admissible at case number 167 of 2012, C.R. Moreover, there is nothing on the record to demonstrate that the incident charged in case number 167 of 2012, C.R., occurred at the same time as the incidents in case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., The Court finds that it would be unduly prejudicial to permit the joinder of case number 167 of 2012, C.R., with case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R.

For the reasons set forth in this opinion, the defendant's petition for writ of habeas corpus at case number 167 of 2012, C.R., is granted in part and denied in part. The defendant's petition for writ of habeas corpus concerning the charges at case number 167 of 2012, C.R., is denied as Commonwealth has presented sufficient evidence to establish a prima facie case for all of the charges filed against the defendant. Conversely, the court grants the defendant's petition for writ of habeas corpus concerning

the allegations that the defendant touched a juvenile on her stomach and breasts as there is no evidence to support those claims. The defendant's omnibus pretrial motions at case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R. are denied. The Commonwealth's motion to consolidate cases is granted concerning case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R., and those case are joined for purposes of trial. However, that motion to consolidate cases is denied concerning case number 167 of 2012, C,R., and it is not joined with case numbers 1229 of 2012, C.R., and 1232 of 2012, C.R.

## ORDER OF COURT

Now this 31st day of October, 2014, this case was before the court on August 1, 2014, for a hearing on the petition for writ of habeas corpus filed at case no. 167 of 2012, C.R. and the omnibus pretrial motions filed at case nos. 1229 of 2012, C.R. and 1232 of 2012, C.R. by the defendant, with both parties appearing, the Commonwealth of Pennsylvania, represented by counsel, Jessica Barson, Esquire, Assistant District Attorney for the County of Lawrence and the defendant Frank Leroy Moore, Jr., represented by counsel, Dennis A. Elisco, Esquire and after a hearing held, and with both counsel being afforded the opportunity to file a legal memorandum, and after consideration of the evidence and statements of counsel, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the petition for writ of habeus corpus at case no. 167 of 2012, C.R. filed by the defendant is granted in part and denied in part. The petition for writ of habeus corpus concerning the charges is denied; however, the specific allegation that the defendant touched a juvenile on her stomach and breasts is granted as there is no evidence to support those claims

and said allegations are stricken from the information. All other allegations and charges shall remain in full force and effect.

2. In accordance with the attached opinion, the omnibus pre-trial motions filed at case nos. 1229 of 2012, C.R. and 1232 of 2012, C.R. are denied.

3. In accordance with the attached opinion, the motion to consolidate cases filed by the Commonwealth is granted regarding case nos. 1229 of 2012, C.R. and 1232 of 2012, C.R., and those cases are joined for trial.

4. In accordance with the attached opinion, the motion to consolidate cases regarding case no. 167 of 2012, C.R. is denied and it shall be tried separately from case nos. 1229 of 2012, C.R. and 1232 of 2012, C.R.

5. The above cases shall be listed for the December, 2014, criminal jury trial term.

6. The clerk of courts is directed to serve a copy of this order of court upon counsel of record, Jessica Barson, Esquire and Dennis A. Elisco, Esquire.