J-S42013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEVONTE PRESSLEY, | |
| Appellant | No. 2520 EDA 2014 |

Appeal from the Judgment of Sentence August 13, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004653-2013

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 15, 2015**

Jevonte Pressley ("Appellant") appeals from the August 13, 2014 judgment of sentence entered after he was convicted of robbery, robbery of a motor vehicle, two counts of receiving stolen property, and possessing an instrument of crime. The sole issue for review is whether the trial court erred in denying Appellant's motion to suppress. We affirm.

On February 12, 2013, at approximately 2:15 a.m., a robbery occurred at the 7-Eleven located on the 7300 block of Elmwood Avenue in Southwest Philadelphia. The perpetrator pointed a gun at the store clerk's face, demanded and took money from the cash registers, and stole the clerk's

---

[*] Former Justice specially assigned to the Superior Court.

cellular phone, car keys, and vehicle, a 2003 Buick Century. Trial Court Opinion, 11/24/14, at 5.

Philadelphia Police Detective Michael DeRose was assigned to investigate the robbery. In conjunction with his investigation, Detective DeRose received information from another police officer that the complainant's vehicle had been recovered from a rear driveway at 2525 S. Massey Street. Trial Court Opinion, 11/24/14, at 5. Accordingly, Detective DeRose applied for a warrant to search the premises. After the warrant was executed, Appellant was arrested and charged with the aforementioned offenses.

On February 27, 2014, Appellant filed a motion to suppress the evidence seized incident to the search. The trial court held a hearing on the suppression motion on May 7, 2014, after which it denied the motion. A jury trial commenced on May 12, 2014, and on May 13, 2014, the jury rendered its guilty verdicts. On August 13, 2014, Appellant was sentenced to consecutive terms of sixty-two to 180 months of incarceration for robbery, forty-two to 174 months for robbery of a motor vehicle, and twelve to forty-two months for possessing an instrument of crime. No further penalty was imposed for the receiving stolen property convictions.

Appellant filed a notice of appeal on August 15, 2014. In compliance with the trial court's order, on September 19, 2014, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He also

filed a supplemental Rule 1925(b) statement on October 13, 2014. In both statements, Appellant averred that the search warrant was not supported by probable cause. In the latter statement, Appellant also claimed that Appellant's ensuing statement to the detectives must be suppressed as "fruit of the poisonous tree." [1]

On November 24, 2014, the trial court filed a Pa.R.A.P. 1925(a) opinion in support of its decision to deny the motion to suppress. The trial court explained the rationale for denial of the motion, as follows:

> Here, when employing the totality of the circumstances analysis, it becomes clear that the warrant to search 2525 S. Massey Street was properly issued. [T]he warrant and affidavit explain how the location became the subject of the investigation: Mr. Bahl (manage[r] of Car and Van, Inc.) received a call from the complainant, stating that his 2003 Buick Cent[u]ry, that he purchased from the Car and Van lot, had been stolen.
>
> Mr. Bahl tracked the vehicle using GPS, disabled its starter, and traveled to the area of 2559 S. Massey Street. He later located the Buick in the rear driveway of 2525 S. Massey Street. After locating it, Mr. Bahl recovered the stolen vehicle using a spare set of keys that he had.
>
> The warrant and affidavit explains that upon recovery, Mr. Bahl immediately went to the 12th District police station. At this time Mr. Bahl noticed that a black plastic trash bag was placed over the license plate to conceal it.
>
> Applying the totality-of-the-circumstances test to this warrant and affidavit it is clear that the warrant to search 2525 S. Massey Street was properly issued.

_____

[1] "The 'fruit of the poisonous tree' doctrine excludes evidence obtained from, or acquired as a consequence of lawless official acts." **Commonwealth v. Johnson**, 68 A.3d 930, 946 (Pa. Super. 2013).

J-S42013-15

Mr. Bahl was in possession of the same vehicle that was stolen from the 7-Eleven at 7329 Elmwood Avenue. He recovered the vehicle at 2525 S. Massey Street, approximately .5 miles from the robbery location. These facts indicate that there was a fair probability that contraband or evidence of a crime would be found at 2525 S. Massey Street. Balancing all of this information together illustrates that Mr. Bahl was providing a reliable tip and that the warrant was properly issued.

Trial Court Opinion, 11/24/14, at 9–10. The trial court thus concluded that there was sufficient cause for the issuance of the search warrant under both the United States and Pennsylvania Constitutions. *Id.* at 10. As a consequence of its conclusion that the evidence of the robbery was not acquired from an illegally issued search warrant, the trial court also rejected Appellant's "fruit of the poisonous tree" assertion. *Id*. at 10–11. **See Commonwealth v. Gatlos**, 76 A.3d 44, 63 (Pa. Super. 2013) (fruit of the poisonous tree argument requires an antecedent illegality) (citing **Commonwealth v. Brown**, 700 A.2d 1310, 1318 (Pa. Super. 1997)).[2]

Appellant raises one issue for appellate scrutiny:

Did not the lower court err in denying the motion to suppress where the police executed a search warrant that lacked probable cause because it failed to contain any evidence, besides the fact that an unnamed person said that there had been a stolen vehicle parked outside a row home, and the conclusion that there was probable cause to believe the property which was the subject of the warrant would contain contraband or proceeds?

_____

[2] Appellant does not pursue the "fruit of the poisonous tree" argument on appeal.

- 4 -

Appellant's Brief at 4.

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion "is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Reese*, 31 A.3d 708, 721 (Pa. Super. 2011) (citations omitted). When, as here, the prosecution has "prevailed in the suppression court, we consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (internal quotation marks and citations omitted).

Appellant contends that the affidavit supporting the instant search warrant did not contain the requisite probable cause for three reasons: 1) there was no reliable or corroborated information that would indicate that evidence related to the subject crimes or contraband would be found in his house; 2) the affidavit relied upon information from an unnamed anonymous source that was not corroborated by any police investigation; 3) there was no nexus between the stolen car parked in the driveway to the premises sought to be searched. When addressing this type of challenge, our review is confined to the "four corners of the affidavit." *Commonwealth v. Coleman*, 830 A.2d 554, 560 (Pa. 2003); *see also Commonwealth v. Smith*, 784 A.2d 182, 185 (Pa. Super. 2001) (citations omitted)

(magistrate's finding of probable cause must be based on facts included within four corners of affidavit); Pa.R.Crim.P. 203B ("The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.").

The affidavit of probable cause under scrutiny here recited the following information:

> On February 12th, 2013, at approximately 2:25 am, the complainant reported a gunpoint robbery at the 7-11 located at 7329 Elmwood Avenue. The complainant, an employee at the 7-11 was interviewed inside of SWDD and stated the following in summary: He was stocking shelves when the offender entered the store holding a large black handgun, possibly a desert eagle and approached a customer who was getting coffee. The offender pointed the gun at the customer and told him to lay on the ground. The offender then grabbed the complainant and ordered him to open the registers and empty the contents. The complainant was in the process of placing the money from the registers in a bag when the offender shoved him back and placed the remainder of the money in the bag. The offender then ordered the complainant to give him his car keys and cell phone before ordering him to go to the back room and count to thirty. When the complainant heard the store[']s door chime indicating the offender had left the store, the complainant looked out and observed the offender outside the store staring back at him. The offender re-entered the store and stated "didn't I tell you to lay down on the ground, as a matter of fact lay right here and count to thirty." The complainant counted to thirty and observed the offender pulling off in his 2003 Buick Cent[u]ry, gold in color, tag unknown at this time. Also taken was approximately $50 from the store's register and the complainant's HTC Inspire cell phone b[e]aring phone number. . . . The complainant further stated that the customer who was getting coffee fled the scene on foot after the offender left and that nothing was taken from him. There is no further information on that individual at this time.

> On February 13th, 2013, at 1:58 am, Detective DeRose received information from 12th District Sergeant Davis #517 informing

him that the complainant's 2003 Buick Cent[u]ry was recovered in the rear driveway of 2525 Massey Street.

A witness was interviewed inside of SWDD by Detective DeRose #679 and stated the following in summary:

He is the manager of "Car and Van Inc" located at 577 Chester Pike, Prospect Park PA which is the lot where the complainant had recently purchased the Buick. On 02/12/2012, at approximately 11 am, the complainant informed the witness that the car had been stolen. The witness conducted a check of the vehicle's GPS tracking system and it revealed the vehicle was in the vicinity of 2559 S Massey Street. The witness disabled [the] vehicle's starter and went out to locate the vehicle. The witness located the vehicle parked in the rear driveway of 2525 S Massey Street. The witness drove off and waited for a short period of time. At approximately 11 pm, the witness went to 2525 Massey Street in the rear driveway and recovered the complainant's vehicle with a spare set of keys that he had for the vehicle. While recovering the vehicle, the witness observed a male looking at him from the window of that location. The witness further stated that upon recovering the vehicle he immediately went to the 12th District. Upon arrival at the 12th District, he observed that a black plastic trash bag was placed over the vehicle's license plate to conceal the plate.

The vehicle, 2003 Buick Cent[u]ry, VIN# . . . was recovered, placed on a Philadelphia police property receipt and towed to 4298 Macalester Street.

An INCT check revealed that no calls were made to the Philadelphia Police to report to any vehicles stolen at that location. A BRT property search revealed that Granite Hill [P]roperties LLC is listed as the current owner of that location. 2525 Massey Street is approximately 0.5 miles from the 7329 Elmwood Avenue.

Based on the above facts and circumstances, your affiant believes there is sufficient probable cause to search 2525 Massey Street, Philadelphia PA, 19142 for any and all firearms, ammunition, ballistic evidence, proceeds taken in the robbery including the complainant's HTC Inspire cell phone b[e]aring phone number. . ., the complainant's keys to the 2003 Buick Cent[u]ry, proof of residence, or any item that may help identify

the offender, as well as any item that may aid in the investigation.

Affidavit of Probable Cause, 2/12/13, at 2–3.

Appellant's first two challenges to the legality of the warrant concern the reliability of the witness referred to in the affidavit. Appellant argues that there was no information regarding the veracity of the statement from the person described as "the manager of Car and Van Inc" and no indication the police verified the information received from that individual. Appellant urges that the witness's veracity and reliability should have been assessed pursuant to the analysis that courts employ when judging the reliability of unnamed or confidential informants. Because this witness's information was not evaluated in this manner, Appellant contends that the witness could not be considered reliable, and the warrant was issued without probable cause. We disagree.

Pennsylvania courts utilize the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213 (1983), to determine if probable cause exists to support issuance of a search warrant. *See Commonwealth v. Murphy*, 916 A.2d 679, 681–682 (Pa. Super. 2007) (observing that the *Gates* totality of the circumstances test was adopted in this jurisdiction in *Commonwealth v. Gray*, 503 A.2d 921 (Pa. 1986)). In *Commonwealth v. Jones*, 988 A.2d 649 (Pa. 2010), the Pennsylvania Supreme Court described the test, as follows:

Pursuant to the "totality of the circumstances" test set forth by the United States Supreme Court in **Gates***,* the task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, **there is a fair probability that contraband or evidence of a crime will be found in a particular place**. . . . It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

**Id**. at 655 (quoting **Commonwealth v. Torres***,* 764 A.2d 532, 537–538, 540 (Pa. 2001) (emphasis added)).

Issuing authorities must consider only the information in the affidavit when assessing the trustworthiness of information provided to law enforcement officials by informants. **Commonwealth v. Dukeman**, 917 A.2d 338, 341–342 (Pa. Super. 2007). The reliability of all informants, however, is not gauged equally. "Officers relying on statements from an ordinary citizen, in contrast to a police informant," may presume that the witness is reliable. **Commonwealth v. Lyons**, 79 A.3d 1053, 1064–1065 (Pa. 2013) (citing **Commonwealth v. Weidenmoyer***,* 539 A.2d 1291, 1295 (Pa. 1988)); **see also Commonwealth v. Sudler***,* 436 A.2d 1376, 1380–1381 (Pa. 1981) (police relying on named civilian information

permitted to assume person's credibility in absence of "circumstances suggesting that such might not be the case").

In the case *sub judice*, we acknowledge that the search warrant application did not identify the witness who recovered the stolen vehicle, Mr. Bahl, by name. That does not mean, as Appellant suggests, that the source of the information was anonymous. The affidavit detailed that the complainant called the witness after the 7-Eleven and vehicle robberies. The witness was identified as the manager of "Car and Van Inc" where complainant purchased the car. Also, according to the affidavit, the witness was able to check the vehicle's GPS tracking system, disable the vehicle's starter, and eventually start the vehicle using a spare set of keys. These factors indicate that the witness was familiar with the vehicle and the fact that it had been stolen. The witness then drove the vehicle to the police station where he was interviewed in person. Any cloak of anonymity was shed at this point. Furthermore, there was some corroboration to the information provided by the witness. The complainant had informed the police that his gold 2003 Buick Century had been stolen. The next day, the witness presented the vehicle to the police and referred to his telephone call from complainant. Therefore, Appellant's claim that the reliability of the witness should have been scrutinized as if he was an anonymous informant fails.

Appellant next claims that the affidavit of probable cause did not establish a sufficient nexus between the robbery and the premises to be searched. Appellant contends that the mere fact that a stolen car was parked in a driveway belonging to a property management firm cannot support the necessary probable cause for issuance of a warrant to search the property at 2525 S. Massey Street.

Although the Commonwealth faults Appellant for stating that there must be a nexus between the crime committed and the place to be searched, we do not construe Appellant's argument so narrowly. Rather we view Appellant's position as advocating that if the warrant is seeking evidence of a crime, the affidavit of probable cause must detail a nexus between the crime and the premises. This position is legally supportable.

Under Pa.R.Crim.P. 201, a search warrant may be issued to search and seize: "(1) contraband, the fruits of a crime, or things otherwise criminally possessed; or (2) property that is or has been used as the means of committing a criminal offense; or (3) property that constitutes evidence of the commission of a criminal offense." Pa.R.Crim.P. 201.

The third enumerated purpose permits searches for property evidencing commission of a crime. *See Jones*, 988 A.2d at 657–658 (under Rule 201(3), a search warrant may be issued to search for and seize property constituting evidence that a crime has been committed). In this instance, the affidavit of probable cause represented that, in addition to

searching for proceeds of the robbery, it averred that there was sufficient probable cause to search for "all firearms, ammunition, ballistic evidence" and any items "that may aid in the investigation." Affidavit of Probable Cause, 2/12/13, at 3. As these items are linked to the crime itself, Appellant is not in error when he claims that the warrant must establish a connection between this evidence and the property to be searched. **See Commonwealth v. Wallace**, 42 A.3d 1040, 1049–1050 (Pa. 2012) (there must be a nexus between the suspect's residence and the criminal activity or contraband sought in order to permit the search thereof).

Our task on review is to evaluate whether the issuing authority had a substantial basis to conclude that probable cause existed to search 2525 S. Massey Street. **Commonwealth v. Housman**, 986 A.2d 822, 843 (Pa. 2009). "Furthermore, probable cause is based on probability, not a *prima facie* case of criminal activity; deference should be afforded the magistrate's finding of probable cause." **Id**.

Here, the affidavit of probable cause related that, approximately eleven hours after the vehicle was reported stolen, GPS tracking revealed that the car was in the 2500 block of S. Massey Street. After another eleven hours, the vehicle was observed parked in the rear driveway of 2525 S. Massey Street, one-half mile from where the robbery occurred. When the witness was recovering the vehicle, he saw a male looking at him from the window of that location.

In deciding that the warrant was legally issued under the totality of circumstances test, the trial court found that the supporting affidavit adequately explained how the location became the subject of the investigation. The trial court cited the above-mentioned information in the affidavit concerning tracking of the vehicle stolen from the nearby 7-Eleven and its eventual discovery in the driveway at 2525 S. Massey Street. The court concluded that these facts "indicate that there was a fair probability that contraband or evidence of a crime would be found" at the location identified in the warrant. Trial Court Opinion, 11/24/14, at 10.

We agree with the trial court that the facts contained in the affidavit formed a sufficient basis for the issuing authority to conclude that evidence of, or from, the robbery would be found at 2525 S. Massey Street, especially given the close temporal and spatial proximity of the robberies to the premises search. Additionally, we can surmise that the perpetrator of the crime might likely conceal the items sought, the weapon used in the robbery, and the proceeds of the robbery, where he resides. Where police are looking for stolen property, the logical inference is that the thief will return to a place where he expects privacy to conceal the proceeds of his crime. *See Commonwealth v. Fromal*, 572 A.2d 711, 718 (Pa. Super. 1990) (search warrant properly issued based on logical supposition that place to be searched was connected to the crime); *Commonwealth v. Crawford*, 466 A.2d 1079, 1081 (Pa. Super. 1983) (reasonable for issuing

authority to conclude that proceeds from robbery would be at a place under suspect's control). Although at the time the warrant was issued herein, there was no information on the identity of the person residing in the dwelling where the vehicle was located, a male inside the premises observed the recovery of the stolen vehicle. All of these factors demonstrate that the issuing authority made a common sense and supportable decision that there was a fair probability that evidence of, or proceeds from, the crime would be discovered at the address attached to the driveway where the stolen car was parked.

Having reviewed the four corners of the affidavit filed in support of the search warrant for 2525 S. Massey Street, we conclude that it provided a substantial basis to support the issuing authority's finding of probable cause to search. Accordingly, we will not disturb the suppression court's denial of the motion to suppress, and the judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015